CHARLES W. SMITH, Respondent, v. WILLIAM ZINK, Appellant.

St. Louis Court of Appeals, October 31, 1899.

Pleading:   ACTION:  BUILDING AND LOAN ASSOCIATION.   Where the
    secretary of a building and loan association informs the board
    of directors of the association that he has a proposition to purchase
    certain property of the association for $3,000, and the board of di-
    rectors accept the proposition, and the secretary afterwards informs
    the prospective purchaser of such property that his bid was not ac-
    cepted and by such false misrepresentations induces the purchaser
    to pay an additional $100, which said sum was by the secretary of
    the association converted to his own use, the secretary is liable for
    the additional amount so obtained from the purchaser, and a peti-
    tion setting up these facts states a cause of action against the secre-
    tary of the association for the conversion of $100.

Appeal from the St. Louis City Circuit Court.—*Hon.*
*Franklin Ferris*, Judge.

AFFIRMED.

*Waddill & Hereford* for appellant.

(1)   That defendant was the agent of the seller, and not
of the buyer.   The court should have given the instruction
that plaintiff could not recover at close of plaintiff's case.
There can be no recovery if defendant's principal could have
recovered.   Whart. on Agency, 517; Winningham v. Fan-
cher, 52 Mo. App. 464.   (2)   That defendant's principal
could recover from defendant the amount sued for is elemen-
tary law.   Jacques v. Edgell, 40 Mo. 76; Grady v. O'Reiley,
116 Mo. 346.   (3)   The representations made by defendant,
even if false, are not actionable.   Kerr on Fraud and Mis-
take, 37; Schoelkopf v. Leonard, 8 Colo. 159.

*William A. Kenerk* for respondent.

(1) If Smith's offer for the property was accepted, then he was entitled to a deed from the association for the amount specified in his bid, $3,000, and this is so whether Smith knew or did not know that his bid was accepted.   Lancaster v. Elliott, 28 Mo. App. 86.   (2)   There is no question of agency in the case.   After the bid was accepted the rights of the parties became irrevocably fixed, and the association had no legal right to the extra $100 which defendant got from plaintiff.   The right of action was in the plaintiff alone.   (3) The verdict of the jury being manifestly for the right party, the appeal being without merit and for vexation and delay, we ask the court to affirm the judgment and award the respondent ten per cent damages.

BLAND, P. J.—The Real Estate Building and Loan Association (a corporation) in May, 1897, owned a house and lot in Ellendale, St. Louis county, which it desired to sell. William Zink, defendant, was the secretary of the corporation and also a member of a real estate firm in the city of St. Louis, doing business under the firm name of Zink & Company.   On May 25, 1897, the plaintiff addressed and caused to be put in the hands of William Zink as secretary of the corporation, an offer of $3,000 cash for the house and lot, subject to the acceptance of the board of directors of the company.   Accompanying the written proposal was a check for $50 payable to William Zink & Company, which plaintiff requested defendant to return if his offer was not accepted. The offer was to remain good until the twenty-ninth of May. Zink called on plaintiff after receiving the offer and asked him to extend the time as the board of directors did not meet until June 1.   Plaintiff agreed to extend the time until June 2.   The board of directors met on June 1, and Zink made known to the board that he had an offer of $3,000 for the

house and lot but did not state by whom the offer was made, nor did the board inquire. The offer was accepted and Zink & Company was allowed $75 out of the purchase money as commission for making the sale. The purchase price was paid and the deed was executed to one Newhouse, a straw man. Zink requested the president of the corporation to write $3,200 in the deed as the consideration. This was refused. In the afternoon of June 2 the plaintiff called at defendant's office to learn the action of the board of directors on his offer, and was told by Zink that it had been rejected. Plaintiff then demanded the return of his check, and was informed by Zink that it could not be returned until it was indorsed by the president of the corporation. This check was indorsed "William Zink & Company, pay to the German American Bank of St. Louis, or order, Real Estate Building & Loan Association," and passed through the clearing house June 3. Zink at this time (June 2) urged plaintiff to make another bid of $3,250, but intimated that he thought the board would accept a bid of $3,100. Later on the same day plaintiff submitted a bid of $3,100 to Zink for the property and entrusted it to one Carpenter for delivery. On the same evening plaintiff was informed by telephone that the latter bid was accepted. A deed to the property was executed and delivered to plaintiff and the purchase price, $3,100, less the $50 theretofore paid by the check was paid to Zink, who paid $50 to Carpenter, who seems to have been in the confidence of Zink and who first called plaintiff's attention to the property. Zink testified that he made the offer of June 1 for Zink & Company, and not for plaintiff, and on this testimony he bases his defense. The court instructed the jury, in substance, that if they found from the evidence that plaintiff's proposition to purchase the property for $3,000, addressed to Zink, was accepted by the board of directors, and that Zink afterwards informed plaintiff that it was rejected and by such false representations induced plaintiff to pay an additional

$100, which was converted by Zink to his own use, they should find for plaintiff. The jury so found, and William Zink appealed. His contention here is not that he did not swindle some one, but that it was the corporation, not the plaintiff, he cheated and defrauded.

The bid of respondent was addressed to appellant as secretary of the corporation; it was this bid that he requested respondent to continue until the board should meet, and it was this bid he informed the board had been made, he had no other, and it was respondent's check of $50 he converted in part payment of this bid before respondent made the second bid. It was on the acceptance of this bid that his firm was allowed a commission of $75 on the sale, and it was this bid which he falsely and fraudulently reported to the plaintiff had been rejected, for the purpose of inducing plaintiff to part with an additional $100. By this false and fraudulent statement he did induce the plaintiff to pay him not the corporation, $100, which sum he converted to his own use. The jury and trial court refused to be blinded, or be hoodwinked by his false testimony as to the transaction. They found that he had procured respondent's money by fraud and falsehood, and adjudged that he should refund it, and so adjudge we, and affirm the judgment of the lower court. All concur.